IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SUNBELT GROUP, L.P.<br>Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | C.A. NO. _____<br>Admiralty Rule 9(h) |
| M/V NAXOS, her engines,<br>tackle, boilers, etc. | §<br>§<br>§<br>§ | |
| v. | §<br>§ | |
| LYDIA MAR SHIPPING CO. S.A.,<br>WESTERN BULK CARRIERS AS,<br>WESTERN BULK CARRIERS KS, AND<br>WESTERN BULK CARRIERS GmbH, | §<br>§<br>§<br>§<br>§ | |
| Defendants. | § | |

## COMPLAINT

1.  Plaintiff, Sunbelt Group, L.P. ("Sunbelt") by its attorneys, Hill Rivkins LLP, complaining of the M/V Naxos, Lydia Mar Shpping Co. S.A., Western Bulk Carriers AS, Western Bulk Carriers KS, and Western Bulk Carriers GmbH, (collectively "Defendants"), alleges upon information and belief:

### A.

2.  This is an admiralty or maritime claim within the meaning of 28 U.S.C. § 1333 and Rule 9(h) of the Federal Rules of Civil Procedure.

### B.

3.  At and during all the times hereinafter mentioned, Sunbelt was the consignee and owner of the cargo in question and brings this action on its own behalf and on behalf of

all who may become interested in the cargo. Sunbelt had and now has the legal status and principal office and place of business stated in Schedule A attached.

### C.

4. At and during all the times hereinafter mentioned, Lydia Mar Shipping Co. S.A., Western Bulk Carriers AS, Western Bulk Carriers KS, and Western Bulk Carriers GmbH, had and now have the legal status and offices and places of business stated in Schedule A. They were, and now are, engaged in business as common carriers of merchandise by water for hire, and owned, operated, managed, chartered and controlled the above-named vessel which now is, or will be, within the jurisdiction of this Court during the pendency of this action.

### D.

5. On or about November 9, 2009, at the port of Gemlik, Turkey, the M/V Naxos and defendants received, in good order and condition, the shipment described in Schedule A, which the vessel and defendants accepted and agreed to transport for certain consideration to the Port of Houston, Texas.

### E.

6. Thereafter, the vessel arrived at the Port of Houston, where the cargo was found physically damaged. On information and belief, defendants breached, failed and violated their duties and obligations as common carriers and were otherwise at fault.

### F.

7. Plaintiff further alleges, in the alternative and without waiving the above cause of action, that all defendants were bailees of plaintiff's cargo described in Schedule A.

Defendants delivered the cargo described in Schedule A in a damaged condition which did not exist at the time of plaintiff's/bailor's delivery to the bailee as described in Schedule A. Defendants breached their duties and obligations as bailees and were negligent.

### G.

8. Plaintiff was the shipper, consignee and/or owner of the shipment and brings this action on its own behalf and, as agent and trustee, on behalf of and for the interest of all parties who may be or become interested in the shipment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

### H.

9. Plaintiff has duly performed all duties and obligations on its part to be performed.

### I.

10. By reason of the above-stated premises, plaintiff has sustained damages, as nearly as same can now be estimated, no part of which has been paid although duly demanded, in the amount of TEN THOUSAND AND NO/100 DOLLARS ($10,000.00).

### J.

11. All and singular the premises are true and within the admiralty, maritime, and pendent jurisdiction of the United States and of this Honorable Court.

Plaintiff prays:

1. That summons in due form of law may issue against defendants;

3

2. That a judgment may be entered in favor of plaintiff against defendants, one or more of them, for the amount of plaintiff's damages together with interest and the costs and disbursements of this action;

3. That process in due form of law according to the practice of this court in causes of admiralty or maritime jurisdiction may issue against said the vessel, her engines, etc., and that all persons having or claiming any interest therein be cited to appear and answer under oath all and singular the matters stated, and this court will be pleased to pronounce a judgment in favor of plaintiff for damages together with interest, costs and disbursements, and the motor vessel may be condemned and sold to pay therefor; and

4. That this court will grant to plaintiff such other and further relief as may be just and proper.

Respectfully submitted,

*Sara Banks*

STEVEN P. VANGEL
Texas Bar No.: 13057830
SDTX I.D. No.: 4065
SARA M. BANKS
Texas Bar No. 24064861
SDTX I.D. No. 959003
HILL RIVKINS LLP
55 Waugh Drive, Suite 1200
Houston, Texas 77007
Telephone:    (713) 222-1515
Direct Line:  (713) 457-2286
Telefax:      (713) 222-1359
E-mail: svangel@hillrivkins.com
E-mail: sbanks@hillrivkins.com

ATTORNEYS FOR PLAINTIFF
SUNBELT GROUP LLP

## VERIFICATION

THE STATE OF TEXAS     *
                                  *
COUNTY OF HARRIS     *

Sara M. Banks, being duly sworn, deposes and says:

I am an attorney and associate with the firm of Hill Rivkins LLP, attorneys for Plaintiff. I am over twenty-one (21) years of age and fully competent to make this Verification. I have read the foregoing Complaint and know its contents. The Complaint is true to my knowledge, except as to the matters stated in the Complaint to be based on information and belief, and as to those matters, I believe them to be true.

The source of my information and the grounds for my belief as to those matters stated in the Complaint, to be alleged on information and belief, are documents and records in my files.

_____
Sara M. Banks

Subscribed and sworn to before me, the undersigned authority, this 1st day of December 2010.

_____
Notary Public, State of Texas
My Commission Expires 3/26/2012

ROSA LANDIN
MY COMMISSION EXPIRES
March 26, 2012

6

## SCHEDULE A

## LEGAL STATUS AND PLACE OF BUSINESS OF PARTIES

Plaintiff, **Sunbelt Group L.P,** was and now is a partnership with an office and place of business at:

1990 Post Oak Blvd., No. 950
Houston, Texas 77056

**M/V Naxos,** was at all material times a bulk carrier sailing under the Marshall Islands flag. The vessel was built in 1995, its call sign is V7FX5, and its gross tonnage is 15,164 tons.

Defendant, **Lydia Mar Shipping Co. S.A.,** was and now is a foreign corporation, or similar entity, with power to sue and be sued, which regularly does business in Texas and/or the United States as a common carrier of goods, which does not maintain a designated agent on whom service may be made in Texas, and thus may be served through F.R.C.P. 4(k)2, or through the Secretary of State of Texas under the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code § 17.044 et. seq., in care of its home office at:

25 Possidonos Avenue
183 44 Moschato
Athens, Greece

Defendant, **Western Bulk Carriers AS,** was and now is a foreign corporation, or similar entity, with power to sue and be sued, which regularly does business in Texas and/or the United States as a common carrier of goods, which does not maintain a designated agent in Texas upon whom service may be made, and thus may be served through F.R.C.P. 4(k)2, or through the Secretary of State of Texas under Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code § 17.044 et. seq., in care of its home offices:

Henrik Ibsensgt. 100,
P.O. Box 2868 Solli
0230 Oslo, Norway

Defendant, **Western Bulk Carriers KS,** was and now is a foreign corporation, or similar entity, with power to sue and be sued, which regularly does business in Texas and/or the United States as a common carrier of goods, which does not maintain a designated agent in Texas upon whom service may be made, and thus may be served through F.R.C.P. 4(k)2, or through the Secretary of State of Texas under Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code § 17.044 et. seq., in care of its home offices:

Karenslyst Alle 8B
P.O. Box 78 Skoyen
N-0212 Oslo, Norway.

Defendant, **Western Bulk Carriers GmbH,** was and now is a foreign corporation, or similar entity, with power to sue and be sued, which regularly does business in Texas and/or the United States as a common carrier of goods, which does not maintain a designated agent in Texas upon whom service may be made, and thus may be served through F.R.C.P. 4(k)2, or through the Secretary of State of Texas under Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code § 17.044 et. seq., in care of its home offices:

Dr. Gert Wülfing
Klosterallee 53
20144 Hamburg, Germany

## **DESCRIPTION OF SHIPMENT**

| | |
|---|---|
| Vessel: | M/V Naxos |
| Date of Shipment: | November 9, 2009 |
| Port of Shipment: | Gemlik, Turkey |
| Port of Discharge: | Houston, Texas |
| Shipper: | Borusan Mannesmann Boru Sanayi Ve Ticaret A.S. |
| Consignee: | Sunbelt Group, L.P. |
| Description of Shipment: | ERW Steel Pipe |
| Nature of Loss or Damage: | Physical damage |
| Amount: | $10,000.00 |